FILED
DEC 09 2019
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC., <br><br> Plaintiff, <br> vs. <br> Easement and Right-of-Way Across: <br><br> <u>Township 5 South, Range 26 East</u> <br> Section 9: N1/2SE1/4 <br><br> in Big Horn County, Montana, <br> Consisting of Approximately .0125 Acres, <br><br> LAWRENCE FALLS DOWN, RANDY FALLS DOWN, STEVEN FALLS DOWN, LARRY LEE FALLS DOWN, VAN WADE FALLS DOWN, UNITED STATES OF AMERICA, and UNKNOWN OWNERS <br><br> Defendants. | Cause No. CV 18-172-BLG-SPW <br><br><br> **COMBINED ENTRY OF CONDEMNATION ORDER BY DEFAULT AND BY STIPULATION** |

Upon consideration by the Court of the following:

a. Plaintiff's Unopposed Motion for Entry by Default of Condemnation Order;

b. Brief in Support of Motion for Entry by Default of Condemnation Order;

c. Stipulation and Consent to Judgment;

d. Statement of Stipulated Facts D.Mont.L.R. 16.2(B)(3) (Docket No. 12);

1

e. The record in this matter,

and good cause appearing therefore, the Court hereby makes the following Findings of Fact, Conclusions of Law, and entry of a Condemnation Order per 25 U.S.C. § 357 and 15 U.S.C. § 717f(h).

**FINDINGS OF FACT**

1. WBI Energy Transmission, Inc., d/b/a Williston Basin Interstate Pipeline Company ("WBI"), a Delaware corporation authorized to conduct business in the State of Montana, is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. §717a(6), and is engaged in gathering, storing, and transporting natural gas in interstate commerce.

2. WBI is the owner and operator of a 12-inch diameter natural gas pipeline located in, among places, Big Horn County, Montana (the "Pipeline").

3. WBI seeks to condemn an easement and right-of-way for the benefit of WBI, its successors and assigns, for so long as such interests are necessary for the purposes of surveying, laying, constructing, operating, maintaining, inspecting, patrolling, testing, protecting, increasing or decreasing the capacity of, changing the characteristics and capabilities of, repairing, rebuilding, replacing, relocating, abandoning in place, removing and remediating the Pipeline as it currently exists

or may hereafter be located and for such other uses and purposes as the law may require of an owner and operator of a natural gas pipeline; together with the right to construct, operate, maintain, install, replace, renew, convert and relocate on, across, or over the easement and right-of-way certain stations, structures, and equipment for transportation, storage, gathering, compressing, pressurizing and pumping, along with such other stations, structures and equipment necessary to the proper operation of the Pipeline; together with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means needed to access the Pipeline by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Pipeline easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to collectively as the "Easement") under the power of eminent domain, and to award just compensation to the owner of the condemned land.

4. The Easement WBI seeks to condemn is 50 feet wide, 25 feet on either side of the centerline of the Pipeline as it currently exists or may hereafter be located; together with such temporary staging, workspace, and area as is reasonably necessary for the purposes of the Easement; together with secondary access easements 20 feet wide across roads, trails, tracks, paths, and such portions

of the Subject Property as may be necessary for the use of the Easement, along with the airspace above the Pipeline, all of which are needed to operate and access the Pipeline for the reasons, uses, and purposes stated hereinabove.

5.  WBI is the owner of a Certificate of Public Convenience and Necessity (the "Certificate") issued February 13, 1985, by the United States of America Federal Energy Regulatory Commission ("FERC") authorizing it to acquire and operate the interstate pipeline facilities previously owned and operated by Montana-Dakota Utilities Co. ("MDU") as well as to provide the certificated service previously provided by MDU under its Blanket Certificate.[1]

6.  WBI owns and operates the Pipeline pursuant to the Certificate.

7.  WBI made good faith attempts to reach an agreement with the Defendants as to the consideration to be paid them for the right-of-way. The Defendants, however, rejected WBI's offers.

8.  The Default Defendants (as defined below) were properly served with a copy of the Notice of Condemnation and failed to plead or otherwise defend this action.

---

[1] On July 1, 2012, Williston Basin Interstate Pipeline Company amended its Articles of Incorporation to change its name to WBI Energy Transmission, Inc.

9. By that certain Clerk's Entry of Default dated December 5, 2019 (Docket No. 20), Default was entered against the following Defendants (the "Default Defendants"):

>Lawrence Falls Down,
>Randy Falls Down,
>Steven Falls Down,
>Larry Lee Falls Down, and
>Van Wade Falls Down

10. The Default Defendants are not minors or incompetent persons nor are they in the military service.

11. The real property subject to this condemnation action (the "Subject Property") consists of allotted land located within the exterior boundaries of the Crow Indian Reservation, Big Horn County, Montana. The Default Defendants are the beneficial Indian owners of that portion of the Subject Property consisting of allotted lands, being the heirs, devisees and successors to the original allottees under the General Allotment Act. The Subject Property is identified as follows:

>Allotment No. 1799 L
>
><u>Township 5 South, Range 26 East,</u>
>Section 9: N1/2SE1/4

## CONCLUSIONS OF LAW

Based upon the forgoing FINDINGS OF FACT, the Court hereby makes the following CONCLUSIONS OF LAW:

1. Default was entered against the Default Defendants pursuant to Rule 55(a), F.R.Civ.P., for their failure to appear or otherwise defend this action. Rule 71.1(e)(3), F.R.Civ.P., provides in part: "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." By failing to file an answer herein, the Default Defendants have waived any and all objections and defenses to the taking of their property as requested in this action.

2. The authority for WBI to condemn the Subject Property is 25 U.S.C. § 357 and 15 U.S.C. § 717f(h). Federal law permits the condemnation of the Subject Property, and provides: "Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." 25 U.S.C § 357. The Natural Gas Act provides the substantive law for this matter, and reads in part: "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right of way... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States...." 15 U.S.C. § 717f(h)

3. WBI, as the holder of the Certificate, cannot acquire by contract and is unable to agree with the Default Defendants for the compensation to be paid for the necessary right-of-way for the Pipeline following good faith negotiations by WBI. The Easement is necessary for the continued operation of the Pipeline.

**NOW, THEREOFRE,** based upon the foregoing FINDINGS OF FACTS and CONCLUSIONS OF LAW, the Court hereby ORDERS AS FOLLOWS:

A. That WBI Energy Transmission, Inc., its successors and assigns, are hereby granted easements and rights-of-way for so long as such interests are necessary for the purposes of surveying, laying, constructing, operating, maintaining, inspecting, patrolling, testing, protecting, increasing or decreasing the capacity of, changing the characteristics and capabilities of, repairing, rebuilding, replacing, relocating, abandoning in place, removing and remediating the Pipeline as it currently exists or may hereafter be located and for such other uses and purposes as the law may require of an owner and operator of a natural gas pipeline; together with the right to construct, operate, maintain, install, replace, renew, convert and relocate on, across, or over the easement and right-of-way certain stations, structures, and equipment for transportation, storage, gathering, compressing, pressurizing and pumping, along with such other stations, structures and equipment necessary to the proper operation of the Pipeline; together with

roads, trails, tracks, paths, adjoining property, airspace, and other routes and means needed to access the Pipeline by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Pipeline easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to collectively as the "Condemned Easement");

B. The scope of the Condemned Easement shall consist of an easement 50 feet wide, 25 feet on either side of the centerline of the Pipeline as it currently exists or may hereafter be located; together with such temporary staging, workspace, and area as is reasonably necessary for the purposes of the Easement; together with secondary access easements 20 feet wide across roads, trails, tracks, paths, and such portions of the Subject Property as may be necessary for the use of the Easement, along with the airspace above the Pipeline, all of which are needed to operate and access the Pipeline for the reasons, uses, and purposes associated with the Condemned Easement;

C. The Pipeline and access routes under the Condemned Easement shall be initially located as depicted on Exhibit A hereto;

D. The Default Defendants "may present evidence on the amount of compensation to be paid and may share in the award." Rule 71.1(e)(3), F.R.Civ.P.; and

E. Upon a finding of just compensation by the Court, WBI Energy Transmission, Inc., will deposit the appropriate amount with the Clerk of Federal District Court. The Clerk of Federal District Court will send the payment to the following address:

> Blackfeet Agency – BIA
> Dept. C105
> P.O. Box 9000
> Farmington, MO 63640-3819

The Bureau of Indian Affairs will distribute the payment to the Default Defendants through their Individual Indian Money Account in proportion to the Default Defendant's beneficial interest in the Subject Property.

Dated this 6th day of December, 2019.

_Susan P. Watters_
HON. SUSAN P. WATTERS
United States District Court Judge



BIG HORN & YELLOWSTONE COUNTY, MONTANA

| NO. | ALLOTTEE | RODS | NO. | ALLOTTEE | RODS |
|---|---|---|---|---|---|
| 1931-A | GEORGE BULLTAIL | 98 | 1965 | TAKES BY HERSELF | 36 |
| 1933-B | GEORGE BULLTAIL | 91 | 1801 | PACKS HIS HORSE | 132 |
| 1928 | FIGHTS WELL KNOWN | 49 | 1799 | SINGS GOOD | 134 |
| 1927-B | FIGHTS WELL KNOWN | 5 | 1799-A | SINGS GOOD | 2 CHANGED TO 1799-L |
| 1924 | GOES WELL | 96 | 2075 | STEALS ON CAMP RUSSEL | 39 |
| 1925-C | BIRDIE OVERGROUND | 45 | 926 | CHARLES BELLROCK | 8 |
| 1925-B | BIRDIE OVERGROUND | 46 | 2285 | RAINBOW WOMAN GETS DOWN | 92 |
| 1923 | BIRD ALL OVER THE GROUND | 14 | 827 | HARVEY YOUNGSWALLOW | 49 |
| 2011 | PRETTY COYOTE | 70 | 2103 | AMONG THE SHEEP | 126 |
| 2010-B | BLUE MOCCOSIN | 93 | T2084 | TAKES GOOD THINGS | 122 |
| 1846-A | TWO WHITE BIRDS | 5 | 823 | OWEN SMELLS | 161 |
| 2110-A | SEES WELL KNOWN | 94 | 2089 | EVEN | 101 |
| 2003-A | HER HORSE IS PRETTY | 86 | 5050 | GRACE BELLROCK | 101 |
| 2004 | SWALLOW BIRD | 98 | 2602 | WOMAN BOTH WAYS | 174 |
| 2090-A | JACOB WOODTICK | 87 | | | |

RGE 27E

YELLOWSTONE COUNTY
BIG HORN COUNTY

BIG HORN CO Y

BIG HORN CO Y



1799-L