
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC., <br><br> Plaintiff, <br> vs. <br> Easement and Right-of-Way Across: <br><br> <u>Township 5 South, Range 26 East</u> <br> Section 9: N1/2SE1/4 <br><br> in Big Horn County, Montana, <br> Consisting of Approximately .0125 Acres, <br><br> LAWRENCE FALLS DOWN, RANDY FALLS DOWN, STEVEN FALLS DOWN, LARRY LEE FALLS DOWN, VAN WADE FALLS DOWN, UNITED STATES OF AMERICA, and UNKNOWN OWNERS <br><br> Defendants. | Cause No. CV 18-172-BLG-SPW <br><br><br> **JUDGMENT AND FINAL DECREE OF CONDEMNATION** |

Upon consideration by the Court of the following:

a. Complaint (Doc. No. 1);

b. Defendant United States of America's Notice of Appearance (Doc. No. 10);

c. Statement of Stipulated Facts (Doc. No. 12);

d. Entry of Default (Doc. No. 20);

e. Stipulation and Consent to Judgment (Doc. No. 21);

f. Plaintiff's Unopposed Motion for Entry by Default of Condemnation Order (Doc. No. 22);

g. Combined Entry of Condemnation Order by Default and by Stipulation (Doc. No. 24);

h. United States Notice of Appraisal Report (Doc. No. 28);

i. The testimony and evidence presented in open court on February 26, 2020, to determine fair compensation to be awarded herein; and

j. The record in this matter.

The Court hereby makes the following Findings of Fact, Conclusions of Law, and entry of a Condemnation Judgment per 25 U.S.C. § 357 and 15 U.S.C. § 717f(h).

## FINDINGS OF FACT

1. The Defendants and a description of the real property subject to this condemnation action (the "Subject Property") are as follows:

| Defendants | Map | Allotment No. and Description of Property |
|---|---|---|
| Lawrence Falls Down, Randy Falls Down, Steven Falls Down, Larry Lee Falls Down, Van Wade Falls Down (collectively, the "**Allottees**"), and United States of America | Exhibit A | #1799L<br><br>Township 5 South, Range 26 East<br>Section 9: N1/2SE1/4 |

2. WBI Energy Transmission, Inc., d/b/a Williston Basin Interstate Pipeline Company ("WBI"), a Delaware corporation authorized to conduct business in the State of Montana, is a natural gas company within the meaning of the Natural

2

Gas Act, 15 U.S.C. §717a(6), and is engaged in gathering, storing, and transporting natural gas in interstate commerce.

3. WBI is the owner and operator of a 12-inch diameter natural gas pipeline located in, among places, Big Horn County, Montana (the "Pipeline"), which crosses the Subject Property.

4. WBI seeks to condemn an easement and right-of-way for the benefit of WBI, its successors and assigns, for so long as such interests are necessary for the purposes of surveying, laying, constructing, operating, maintaining, inspecting, patrolling, testing, protecting, increasing or decreasing the capacity of, changing the characteristics and capabilities of, repairing, rebuilding, replacing, relocating, abandoning in place, removing and remediating the Pipeline as it currently exists or may hereafter be located and for such other uses and purposes as the law may require of an owner and operator of a natural gas pipeline; together with the right to construct, operate, maintain, install, replace, renew, convert and relocate on, across, or over the easement and right-of-way certain stations, structures, and equipment for transportation, storage, gathering, compressing, pressurizing and pumping, along with such other stations, structures and equipment necessary to the proper operation of the Pipeline; together with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means needed to access the Pipeline by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the

3

foregoing purposes, reasons and uses relating to the Pipeline easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to collectively as the "Easement") under the power of eminent domain, and to award just compensation to the owner of the condemned land.

5. The Easement WBI seeks to condemn is 50 feet wide, 25 feet on either side of the centerline of the Pipeline as it currently exists or may hereafter be located; together with such temporary staging, workspace, and area as is reasonably necessary for the purposes of the Easement; together with secondary access easements 20 feet wide across roads, trails, tracks, paths, and such portions of the Subject Property as may be necessary for the use of the Easement, along with the airspace above the Pipeline, all of which are needed to operate and access the Pipeline for the reasons, uses, and purposes stated hereinabove. The Easement covers approximately 0.02 acres of the Subject Property.

6. WBI is the owner of a Certificate of Public Convenience and Necessity (the "Certificate") issued February 13, 1985, by the United States of America Federal Energy Regulatory Commission ("FERC") authorizing it to acquire and operate the interstate pipeline facilities previously owned and operated by Montana-

Dakota Utilities Co. ("MDU") as well as to provide the certificated service previously provided by MDU under its Blanket Certificate.[1]

7.  WBI owns and operates the Pipeline pursuant to the Certificate.

8.  WBI made good faith attempts to reach an agreement with the Allottees as to the consideration to be paid them for the right-of-way. The Allottees, however, rejected WBI's offers.

9.  The Subject Property consists of allotted land located within the exterior boundaries of the Crow Indian Reservation, Big Horn County, Montana. The Allottees are the beneficial Indian owners of that portion of the Subject Property consisting of allotted lands, being the heirs, devisees and successors to the original allottees under the General Allotment Act.

10.  The Subject Property was appraised by Norman H. Lee, a Certified General Appraiser, a Senior Right-Of-Way Professional, and a certified member of the International Right-Of-Way Association. Mr. Lee prepared a detailed appraisal of the Subject Property (the "Appraisal"). The purpose of the Appraisal was to determine the market value of the Easement.

11.  The present and historical use of the Subject Property is for agricultural production. There is no market demand for more intensive use. There is no other

---

[1] On July 1, 2012, Williston Basin Interstate Pipeline Company amended its Articles of Incorporation to change its name to WBI Energy Transmission, Inc.

use that is physically possible, financially feasible and maximally productive than use as agricultural property. In Mr. Lee's expert opinion, the highest and best use for the Subject Property is for agricultural production.

12. Based on the Appraisal, and in Mr. Lee's expert opinion, the fair market value of the Easement (which covers approximately 0.02 acres of the Subject Property), and therefore, the just compensation to be awarded for the diminution in value to the Subject Property, is $9.00 (the "Just Compensation").

13. Allottees are the beneficial owners of the Subject Property and hold a fractional interest in the same. Allottees are entitled to share in the Just Compensation according their proportionate share in the Subject Property.

## CONCLUSIONS OF LAW

Based upon the forgoing FINDINGS OF FACT, the Court hereby makes the following CONCLUSIONS OF LAW:

1. The authority for WBI to condemn the Subject Property is 25 U.S.C. § 357 and 15 U.S.C. § 717f(h). Federal law permits the condemnation of the Subject Property, and provides: "Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." 25 U.S.C § 357. The Natural Gas Act provides the substantive law for this matter, and reads in part: "When any holder of

6

a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right of way... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States...." 15 U.S.C. § 717f(h)

2.  WBI, as the holder of the Certificate, cannot acquire by contract and is unable to agree with the Allottees for the compensation to be paid for the necessary right-of-way for the Pipeline following good faith negotiations by WBI. The Easement is necessary for the continued operation of the Pipeline.

3.  The Allottees are entitled to fair compensation for their interests taken in this matter, determined as follows: "The date of taking 'fixes the date as of which the land is to be valued...'" in a condemnation proceeding. *U.S. v. Eltzroth*, 124 F.3d 632, 638 (4th Cir. 1997) quoting *United States v. Dow*, 357 U.S. 17, 22 (1958). The measure of compensation for the taking of the Subject Property is "market value." *Mitchell v. United States*, 267 U.S. 341 (1925). "Fair market value" is the amount of money that a willing (but not obligated) purchaser would pay to a willing (but not obligated) seller for the purchase of the property. *See e.g., Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470 (1973). WBI is seeking to condemn an easement for the Pipeline. "[W]hen the property interest taken from a parent tract is merely an easement, the proper measure of damages is still before-and-after method of valuation, expressed as the difference between the market value

7

of the land free of the easement and the market value as burdened with the easement." *United States v. 8.41 Acres of land, Etc.*, 680 F.2d 388, 392 (5th Cir. 1982); *United States v. Virginia Electric Co.*, 365 U.S. 624, 630 (1961). The value of WBI's project cannot be used to determine market value of the Subject Property. *United States v. Cors*, 337 U.S. 325, 333 (1949) (The highest and best use of the subject property cannot be based upon a demand created solely by the project for which the property is taken); United States v. Weyerauser Co., 538 F.2d 1363, 1367 (9th Cir. 1976); *United States v. 46,672.96 Acres of Land*, 521 F.2d 13, 15-16 (10th Cir. 1975).

**NOW, THEREFORE,** in accordance with the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

A.  That WBI Energy Transmission, Inc., its successors and assigns, are hereby granted easements and rights-of-way for so long as such interests are necessary for the purposes of surveying, laying, constructing, operating, maintaining, inspecting, patrolling, testing, protecting, increasing or decreasing the capacity of, changing the characteristics and capabilities of, repairing, rebuilding, replacing, relocating, abandoning in place, removing and remediating the Pipeline as it currently exists or may hereafter be located and for such other uses and purposes as the law may require of an owner and operator of a natural gas pipeline; together

with the right to construct, operate, maintain, install, replace, renew, convert and relocate on, across, or over the easement and right-of-way certain stations, structures, and equipment for transportation, storage, gathering, compressing, pressurizing and pumping, along with such other stations, structures and equipment necessary to the proper operation of the Pipeline; together with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means needed to access the Pipeline by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Pipeline easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to collectively as the "Condemned Easement");

B. The scope of the Condemned Easement shall consist of an easement 50 feet wide, 25 feet on either side of the centerline of the Pipeline as it currently exists or may hereafter be located; together with such temporary staging, workspace, and area as is reasonably necessary for the purposes of the Easement; together with secondary access easements 20 feet wide across roads, trails, tracks, paths, and such portions of the Subject Property as may be necessary for the use of the Easement, along with the airspace above the Pipeline, all of which are needed to operate and access the Pipeline for the reasons, uses, and purposes associated with the Condemned Easement;

C. The Pipeline and access routes under the Condemned Easement shall be initially located as depicted on Exhibit A hereto;

D. Just compensation to be awarded for the taking of the Easement shall be a total of $9.00. The Allottees are entitled to share in the foregoing amount according to their proportionate beneficial interest in the Subject Property; and

E. Said compensation shall be deposited by WBI Energy Transmission, Inc., with the Clerk of Federal District Court. The Clerk of Federal District Court will send the payment to the following address:

> Crow Agency Bureau of Indian Affairs
> P.O. Box 69
> Crow Agency, MT 59022

The Bureau of Indian Affairs will distribute the payment to the Allottees through their Individual Indian Money Account in proportion to the Allottees' beneficial interest in the Subject Property.

DATED this 26th day of February, 2020.

SUSAN P. WATTERS
United States District Court Judge



| NO. | ALLOTTEE | RODS | NO. | ALLOTTEE | RODS |
|---|---|---|---|---|---|
| 1933-A | GEORGE BULLTAIL | 98 | 965 | TAKES BY HERSELF | 38 |
| 933-B | GEORGE BULLTAIL | 91 | 180 | PACKS HIS HORSE | 132 |
| 1928 | FIGHTS WELL KNOWN | 49 | 1799 | SINGS GOOD | -34 |
| 1927-B | FIGHTS WELL KNOWN | 3 | 1799-A | SINGS GOOD | 2 |
| 1924 | GOES WELL | 96 | 2076 | STEALS ON CAMP RUSSEL | 39 |
| 1925-C | BIRDIE OVERGROUND | 45 | 916 | CHARLES BELLROCK | 8 |
| 1925-B | BIRDIE OVERGROUND | 46 | 2386 | RAINBOW WOMAN GETS DOWN | 02 |
| 1923 | BIRD ALL OVER THE GROUND | 14 | 827 | HARVEY YOUNGSWALLOW | 49 |
| 2011 | PRETTY COYOTE | 70 | 2103 | AMONG THE SHEEP | 126 |
| 2010-B | BLUE MOCCASIN | 93 | T2084 | TAKES GOOD THINGS | 122 |
| 1846-A | TWO WHITE BIRDS | 5 | 1823 | OWEN SMELLS | 151 |
| 2110-A | SEES WELL KNOWN | 94 | 2089 | EVEN | 101 |
| 2003-A | HER HORSE IS PRETTY | 86 | 2050 | GRACE BELLROCK | 401 |
| 2004 | SWALLOW BIRD | 98 | 2602 | WOMAN BOTH WAYS | 174 |
| 2090-A | ACOB WOODTICK | 87 | | | |

CHANGED TO 1799-L

BIG HORN & Y

